# IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
# IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE,        )
                            )
                            )
                            )     Case No. 1312011420
                            )
          v.                   )
                            )
GREGG RICHARDSON       )
                            )
        Defendant.       )

Submitted: July 23, 2014
Decided:  August 21, 2014

Timothy Maguire, Esq.
Deputy Attorney General
Delaware Department of Justice
820 N. French Street, 7th Floor
Wilmington, Delaware 19801
       *Attorney for the State*

Kevin P. O'Neill, Esq.
1201 North King Street
Wilmington, Delaware 19081
       *Attorney for Defendant*

## DECISION AFTER TRIAL

**DANBERG, J.**

## INTRODUCTION

On December 18, 2013, Gregg Richardson (hereinafter "Defendant") was arrested and charged with Resisting Arrest in violation of 11 *Del. C.* § 1257(b). Defendant filed a timely Motion to Suppress the arrest (hereinafter "the Motion") on the basis that Defendant's Fourth Amendment right against unlawful searches and seizures was violated when an officer entered his home without a warrant. On July 7, 2014, this Court held a hearing on the Motion. The Court reserved decision on the Motion, and the parties stipulated to enter the testimony from the hearing as evidence for trial. Both parties then presented closing arguments. This is the Court's decision on the matter.

## FACTUAL BACKGROUND

The State's only witness at trial was Corporal James Agnor (hereinafter "Corp. Agnor") of the Delaware State Police. The defense provided three witnesses: Laysona Campbell (hereinafter "Campbell"), Defendant's girlfriend; Anthony Williams, Sr. (hereinafter "Williams"), Defendant's friend; and Defendant. The Court concluded that the testimony of Defendant, Campbell, and Williams was not credible, and therefore gives it no weight in this analysis. The following are the facts as the Court finds them after listening to the testimony at trial.

On December 18, 2013, at approximately 10:20 p.m., Corp. Agnor was dispatched to 605 Old State Road, Middletown, New Castle County, Delaware, in response to a report of a domestic dispute. Upon arrival, Corp. Agnor observed Campbell standing outside the home near the roadway, and also observed an individual later identified as Defendant run from the garage of the home into the home itself. Corp. Agnor made contact with Campbell, who was uninjured, but hysterical. During this time, Defendant, who was still located inside the home, opened the front door and proceeded to yell and curse at both Campbell and Corp. Agnor. Corp. Agnor believed Defendant was in an irate state of mind and was agitated at this time, and he questioned Campbell

2

as to the existence of any weapons in the home. Campbell responded that she did not know if there were any weapons inside. Corp. Agnor then approached the front door of the home, where Defendant appeared, but then shut and locked both of the doors. Corp. Agnor then waited off to the side of the door with his back to the wall. Defendant then opened both doors, stuck out his head and torso, and then placed one foot outside of the doorway. Corp. Agnor identified himself as an officer and ordered Defendant to stop. Defendant responded, "S---," attempted to close the door on Corp. Agnor, and proceeded inside. Corp. Agnor commanded Defendant to stop multiple times, but Defendant attempted to proceed up the dwelling stairs, disobeying Corp. Angor's orders. After Defendant failed to comply with Corp. Agnor's requests to stop, Corp. Agnor tased him.

## DISCUSSION

### CORP. AGNOR'S ENTRY INTO THE HOME AND ARREST OF DEFENDANT WAS NOT UNCONSTITUTIONAL

The Fourth Amendment of the U.S. Constitution and Article 1, section 6 of the Delaware Constitution prohibit warrantless entry into a home by a peace officer for the purpose of search or seizure, with an exception for exigent circumstances.[1] Such exigent circumstances include "hot pursuit of a fleeing felon, or imminent destruction of physical evidence ... or the need to prevent a suspect's escape, or the risk of danger to the police or to other persons inside or outside the dwelling...."[2] The finding of exigent circumstances is based upon the "reasonableness of the belief of the police as to the existence of an emergency, not the existence of an emergency in

---

[1] U.S. Const. amend. IV.; Del. Const. art. 1 § 6; *Seward v. State*, 723 A.2d 365, 370-71 (Del. 1999); *see also State v. Greer*, 2007 WL 442228 (Del. Com. Pl. Feb. 6, 2007) (finding "absent exigent circumstances, [the entrance to a house] may not reasonably be crossed without a warrant"); *but see State v. Jackson*, 2012 WL 4793507 (Del. Com. Pl. July 19, 2012) (finding that a police office may enter a home to continue an arrest that began outside of the home).
[2] *Greer*, 2007 WL 442228, at *2 (quoting *Minnesota v. Olsen*, 495 U.S. 91, 100 (1990)).

fact."[3] Additionally, there are factors a court may consider in determining whether exigent circumstances existed to justify a warrantless entry:

(1) the degree of urgency involved and the amount of time needed to obtain a warrant; (2) the reasonable belief the contraband is about to be removed; (3) risk of danger to the police guarding the site while waiting for the search warrant; (4) police information that the suspects are aware the police are on their trail; (5) police knowledge that traffickers of the suspected contraband characteristically attempt to dispose of destructible contraband and escape.[4]

Corp. Agnor identified himself as an officer when Defendant opened the front door and stuck out his head and torso, and placed his foot on the ground. Defendant's response, "S---," clearly indicates that Defendant recognized that it was an officer at his door, rather than Campbell. Defendant then proceeded, against the orders of Corp. Agnor, to distance himself from the officer by attempting to slam shut the interior door, thereby blocking Corp. Agnor from gaining access to the dwelling. This evidence, standing alone, satisfies the burden of the State on the motion, because the act of attempting to shut the door on the officer and flee could constitute the offense charged. However, the door did not close, and Corp. Agnor was able to proceed through the open door into the house, while continuing to order Defendant to stop. Corp. Agnor witnessed Defendant attempt to gain access to the upstairs of the dwelling where Corp. Agnor could have reasonably believed Defendant kept weapons. Additionally, Defendant attempted to run up the stairs into an area unfamiliar to Corp. Agnor, which could have enabled Defendant to escape.

Corp. Agnor's actions demonstrate that he was acting under the umbrella of the exigent circumstances exception to the warrantless entry. Corp. Agnor was pursuing an individual to whom

---

[3] *Seward* 723 A.2d at 371 (quoting *Gardner v. State*, 567 A.2d 404, 410 (Del. 1989)).
[4] *Greer*, 2007 WL 442228, at *2 (citing *State v. Wilson*, 2001 WL 845749, at *3 (Del. Super. July 6, 2001)).

he had already identified himself and who was continuing to disobey orders to stop, possibly in an attempt to flee from the scene of a domestic disturbance or to gain access to weapons that would threaten the safety of the officer or other civilians on the scene. Corp. Agnor therefore had a legitimate basis for believing that exigent circumstances existed that required him to continue pursuing Defendant within the house.

Corp. Agnor also pursued Defendant into the home after he had attempted to arrest Defendant outside the home. Under *State v. Jackson*, a defendant's retreat into a home "cannot thwart an otherwise lawful arrest that occurred outside the home."[5]

Corp. Agnor attempted to arrest Defendant while Defendant was outside the home, and then was forced to pursue Defendant into the home. Corp. Agnor's actions were therefore appropriate under *State v. Jackson*. Corp. Agnor also demonstrated a reasonable belief as to the existence of exigent circumstances which would permit him to continue pursuing Defendant into the home without a warrant. The Court therefore finds that Defendant's arrest was not unconstitutional. Accordingly, Defendant's Motion to Suppress is **DENIED**.

## DEFENDANT DID RESIST ARREST BY CORPORAL AGNOR

Pursuant to 11 *Del. C.* § 1257(b), "[a] person is guilty of resisting arrest when the person intentionally prevents or attempts to prevent a peace officer from effecting an arrest or detention of the person ... or intentionally flees from a peace officer who is effecting an arrest or detention of the person." An individual demonstrating any resistance to the "physical act of arrest ... regardless of whether the arrest was later determined to be unlawful," is still considered resisting an arrest.[6]

---

[5] *Jackson*, 2012 WL 4793507, at *2.

[6] *State v. Fax*, 2005 WL 419366, at *4 (Del. Com. Pl. Feb. 23, 2005) (citing *Ellison v. State*, 410 A.2d 519 (Del. Super. 1979)).

In *Jackson*, an officer who attempted an arrest outside a defendant's home, but was forced to follow the defendant into the home after the defendant retreated was found to have completed a lawful arrest without a warrant. The Court found, "[t]he act of retreating into a private home cannot thwart an otherwise lawful arrest that occurred outside the home."[7] Similarly here, Corp. Agnor intended to effectuate Defendant's arrest while Defendant was outside his home. Defendant, however, retreated into the home against the commands of Corp. Agnor to stop. Corp. Agnor repeatedly told Defendant to stop, but Defendant continued to proceed inside the home and up the stairs, ultimately requiring Corp. Agnor's use of the taser. The Court is satisfied that the State has proven beyond a reasonable doubt that Defendant resisted arrest by fleeing into his home against the orders of Corp. Agnor.

## CONCLUSION

The State has proven that Corp. Agnor did not perform an unlawful seizure when arresting Defendant, and therefore Defendant's Motion to Suppress is **DENIED**. The State has proven beyond a reasonable doubt that Defendant resisted an arrest in violation of 11 *Del. C.* § 1257(b). Accordingly, this Court finds Defendant Gregg Richardson **GUILTY** of resisting arrest. This Judicial Officer shall retain jurisdiction of this case and will schedule it forthwith for sentencing.

**IT IS SO ORDERED THIS 21st DAY OF AUGUST, 2014.**

The Honorable Carl C. Danberg,
Judge

by SKR

---

[7] *Jackson*, 2012 WL 4793507, at *1.